Your Honors, reasonable suspicion requires basically just that. We have to have a rational inference and we have to have an objective basis for the suspicion. The district court and the government and the agent, the border patrol agent in this case, all focused on the fact that these two cars were supposedly riding in tandem. And there is case law that says if the cars are riding in tandem that that is something that an officer can take into consideration. But that was not objective, that was not reasonable. We have case law that says what it is to be riding in tandem. And these two cars were clearly not riding in tandem. We have the United States v. Socolow that said they were close in proximity to each other. In this case we have 15 to 20 car lengths behind separating each other. In Socolow we have that the occupants stiffened when the border patrol agents passed them. We don't have anything like that. Kennedy, whether they're in tandem or not is a factual matter, correct? It is a factual matter, Judge. Where's the clear error? Well, Judge, it's not reasonable. That's the clear error, is because of the fact that, you know, an officer can just say, well, I thought they were, you know, smoking marijuana when they're not smoking anything. I mean, we obviously have that. Let's stick to the facts. Sure. Why is the observation of the car, one car is following the other, without any basis in reason? Because of the fact, Judge, that they're not riding in tandem. But you say that, and I'm sure you're convinced. Sure. Now tell me what the basis is for saying the judge was clearly error and abuse of discretion. That means it's implausible, illogical, or no facts in the record from which a reasonable person can grant an inference. And I completely agree, Judge. First of all, we don't have anything that shows they're driving in tandem, Judge. I mean, basically they're not close together. 15 to 20 car lengths is not close together. We don't have there any kind of communication between the two cars, which we see in other cases that the Court has said they've been riding in tandem. Wasn't this close to an above-border checkpoint that had been closed because of rain? Yes, Judge. It had temporarily been closed. It was about 40 miles north of the border. That is correct. I think the agent in this circumstance said that, in his experience, that's often a site for smuggling. Because smugglers have networks of communication, and they know when one of these above-border checkpoints is no longer operative or temporarily inoperative. Well, Judge, that's what he said. But then when he was asked, he can't point to any kind of studies or anything that actually proves that that's true. Well, he hasn't got to have a study. He has experience. He's been doing it for days or years. And he, therefore, is doing it based on his experience in this situation. He doesn't have to have a study. Well, I understand that, Judge, but his experience obviously is not very good. The bottom line is this. It seems to me that there's more than driving in tandem here, though that is one of the facts. Judge Hawkins has talked about the checkpoint was closed. Both came from a border town. The SUV crossed the border about an hour earlier. Both were driving along a known smuggling route when smuggling believed to be more likely. Both had a TECS alert in a law enforcement computer database. Both were registered recently, a tactic used by smugglers. The defendant's vehicle had an amber light, suggesting it was a commercial vehicle, but nothing else. The defendant had been arrested three months earlier for alien smuggling and the training, experience, and knowledge of the agent. All of those facts supporting the decision of the district court, and we're on abuse of discretion, as my colleague has pointed out. How do I overcome that? Well, Judge, his experience isn't that great if he thinks these two cars are riding in tandem. If they're riding in tandem, we know from experience and we know from case law that there's going to be a lead car. The best argument is that you don't agree it's in tandem and he does. That's your best argument? Well, Judge, everything else is something that is generalized to every person who's riding on that road. There's only one way to get from the border town of Douglas up to that area. Well, I said there's really two ways. You have to take Highway 191, which is where the checkpoint was. There's no other alternate route. Once you get past the checkpoint, there's two ways you can go. But the problem comes, and you can argue about the facts all you want. That really doesn't end abuse of discretion. I have to look at the circumstances in the context of a border stop that are, one, characteristics of the area, which they did, the proximity of the border, which they did, the usual patterns of traffic and time of day, which they did, the previous alien or drug smuggling in the area, the behavior of the driver, the appearance and behavior of passengers, which has nothing to do with it, the model and the appearance of the vehicle, which they did, and the officer experience. That's Garcia Baron. That's exactly what the district court looked at. Well, yes, Judge. But if you're going to look at just those facts, I mean. Just. That's what Garcia Baron says they have to include. Any person, then, who's riding along Highway 191 that day because of the fact that the checkpoint is down is subject to being searched, which is not reasonable. You have to look at the objective, particularized suspicion as to this person. Not every person who happened to buy a car recently, and not every person who comes from Douglas. That sounds like a good jury argument, but not a very good argument that the district court totally missed it. Abuse of discretion. Well, Judge. I mean, I've made a lot of jury arguments in my time. Some I won, some I lost, because the jury believed some, and they didn't believe others. That seems to me to be the exact same argument you're giving me. I've got points there, and the jury didn't believe me, and I ought to get a belief. Well, Judge. That doesn't take away abuse of discretion. Yes, but the primary thing that he's looking at is the fact that they're supposedly riding in tandem. That's what makes him interested in these. Primary. I think it's one of the primary. There are quite a few. That's what makes him go after these cars, is the tandem. Okay. Did he check? Apparently a check of the license plate indicated some suspicion about the vehicle. One of the vehicles had a hit on it for drug smuggling in the past, the vehicle itself. In my case, Mr. Durazo's case, Mr. Durazo had a hit for previous alien smuggling three weeks or three months earlier. So his car didn't, but he did. And in the other case, it was the car and not the driver. Okay. And when in sequence did those occur? Well, the agent first got behind the SUV, the Jeep SUV, and found out that that car had a hit on it. Then he pulled in front of the Jeep SUV, followed Mr. Durazo for 12 miles, got a hit that Mr. Durazo, the owner of the vehicle, had a smuggling arrest. And Mr. Durazo was, in fact, behind the wheel. That is correct. And I see I've got two minutes, so if I could, I'd like to reserve that. Thank you. You're welcome. May it please the Court. I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States. Considering the totality of the circumstances and giving due deference to the inferences from those circumstances, the district court did not err in finding there was reasonable suspicion for the stop of the vehicle in this case. Ms. Vaughn talked a lot about the traveling in tandem. The agent believed that the vehicles were traveling in tandem because he had information, ultimately, that they were both coming from Douglas, they were both newly registered, which was a factor significant to him, they both had text alerts related to TESC alerts related to smuggling activity, and they were traveling 15 to 20 car lengths apart where the traffic was so light that the officer testified he saw one car every few minutes. So you consider all those factors, it was certainly a reasonable basis to determine that they were traveling in tandem. So if they had been one car length between them, that would mean that they weren't driving in tandem? No. Obviously, the closer they get, the more, the stronger the inference is. But at speeds on a State Route 191, one car length would be incredibly unsafe, actually. But that there are ten car lengths, that's bad. It's not. I'm not saying from a traffic standpoint it's not bad, but it does support an inference that they're traveling together, considering how sparsely traveled that road is at that point. You know, you do wonder in some of these cases, and we see a lot of them where there's a predicate for the search, and you often wanted to ask an agent, sometimes people are driving too fast and they're suspicious, sometimes they're driving too slow, it's suspicious. You get the impression that the circumstances are sort of made to interpret as suspicious. Well, in this case we have... So if they've been five car lengths apart, more likely that they were driving in tandem? I would say probably the closer they are together, the stronger the inference that they're driving together. But in this case, you had much more than they were just the distance between them. You had, as I mentioned, all the other factors that would contribute to the reasonable conclusion that they were driving together. So a newly registered car is suspicious, but one that had been registered for two months would not be? The agent testified that in his experience, smuggling organizations, both drug and alien, use newly registered vehicles because that's how... Registered in their own name? That, he didn't testify about that. He just said newly registered vehicles attract his attention. That is the facts of this case, right? As far as this defendant, yes. I mean, when he pulled the Durazo vehicle over, Mr. Durazo was behind the wheel. That's correct. And he had an arrest for alien smuggling, which the agent knew. Well, he knew that the registered owner of the vehicle had an arrest. Yeah, that's correct, Your Honor. What if Durazo was a passenger? I still think knowing that the registered owner of the vehicle had an arrest for alien smuggling, combined with every other factor that Judge Smith summarized earlier, would have certainly provided reasonable suspicion. Okay. Unless the Court has any other questions. No. Thank you. Ms. Bond? You have a couple of minutes. You have a couple of minutes, but as you're coming up, who supervises CJA in Tucson these days? The public defender? Yes, the Federal public defender. Okay. Thank you. Go ahead. Your Honors, the circumstances in this case were made to interpret what the officer wanted to interpret. The officer, and that's the reason why I say it's not objectively reasonable. The officer is trying to figure out a way to pull a car over. It's not objectively reasonable to think that because there are 15 to 20 car lengths behind each other that they're riding in tandem. It's just not objectively reasonable. The fact that there's no communication between the actual drivers that he sees, that's not objectively reasonable. We're basically saying that an officer can pull somebody over just because they're driving on Highway 191 because it comes from a border town, which we know that is not. Didn't these cars have one distinguishing feature which they didn't share with tourists, which is they both had hits, TESC hits? The car had one and Durazo had one? Well, that is one issue. That is one issue. But again, do we end up having to say then that that means if you've been arrested, not convicted, but arrested for anything having to do with alien smuggling or drugs, that's enough? That means they can pull him over. That's not the Fourth Amendment because of the fact that, I mean, there wasn't actually a conviction on either of these cars. We don't know where these hits came from. We know, we're not disputing the fact that Mr. Durazo had been arrested previously for smuggling one illegal alien. We're not disputing that. But we have no idea about the other car. We have no idea if that was a car that was seized in a forfeiture. We have no idea where that hit came from. And so, again, we can't say that just because there's a hit on a car, that means that the police can stop him. Okay. Thank you very much. Thank you. The case of United States v. Vasquez Durazo will be submitted.
judges: Hawkins, Bea, N.R. Smith